UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY RUDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2389 JCH |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Gregory Rudin (registration no. 500843), an inmate at Algoa Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $9.07. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or 2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

1

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $45.36. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.07, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at

1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the State of Missouri, Judge David Lee Vincent, III, Prosecuting Attorneys Edward McSweeney and Richard Harper, and Missouri Public Defenders Warren Popp and D. Mueller. Plaintiff sues all defendants in their official and individual capacities. Plaintiffs' allegations arise out of his Missouri criminal proceedings for stealing.

Briefly, plaintiff alleges that Prosecuting Attorney McSweeney charged him with a crime and "gave [him] a five year felony sentence for a class A misdemeanor." Compl. at ¶ 7. He alleges Judge Vincent placed him on probation, and later revoked his probation and sentenced him to five years imprisonment. He states Missouri State Public Defender Popp did not successfully defend him. Prosecutor Harper advocated revoking his probation and gave him an excessive sentence. Finally, plaintiff states that Missouri State Public Defender Mueller advised him to take the sentence, which plaintiff alleges was excessive. Plaintiff states that the actions of the various defendants deprived him of his right to due process, equal protection of the law, and deprived him of life, liberty, and property.

3

As relief, plaintiff seeks monetary damages in the amount of $100,000 from each state actor, $100,000 for constitutional violations, and $700 per day for every day he spent in jail more than the maximum punishment.[1]

**Discussion**

None of plaintiff's allegations amount to constitutional violations for which plaintiff can seek relief in this 42 U.S.C. § 1983 action. The Court will address the claims against each of the defendants or categories of defendants separately.

<u>Claims Against State of Missouri</u>

Plaintiff's claims against the State of Missouri will be dismissed because the State of Missouri is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is frivolous against the State of Missouri.

<u>Claims Against Judge Vincent</u>

Absolute judicial immunity protects a judge from "the general costs of subjecting officials to the risks of trial [to avoid] . . . distraction of officials from the governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It shields a judge "from suit rather than a mere defense to liability." *Id.*

---

[1] Plaintiff does not seek to expunge or vacate his conviction, nor does he seek release from confinement or any other form of relief that would tend to indicate an intent to proceed under 28 U.S.C. § 2254. There is therefore no basis to construe the instant case as brought pursuant to § 2254. The Court also notes that plaintiff filed this § 1983 action while his motion for post-conviction relief was pending in the trial court. *See Missouri v. Rudin*, No. 13SL-CR00437-01 (21st Cir. Ct. filed Jun. 26, 2017).

To determine whether the doctrine of absolute immunity applies, courts employ a two-part test. *Childs v. Reynolds*, 777 F.2d 1305, 1306 (8th Cir. 1985). First an act must be judicial. *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). An act is "judicial" if it "is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Second, the judge must not have acted in the clear absence of all jurisdiction. *Liles*, 804 F.2d at 495. The scope of a judge's jurisdiction is construed broadly where the issue is the immunity of the judge. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 463 (8th Cir. 1994) (per curiam). A judge is immune from liability "if he had jurisdiction over the subject matter and if he acted in his judicial capacity." *Billingsley v. Kyser*, 691 F.2d 388, 389 (8th Cir. 1982).

In this case, plaintiff alleges Judge Vincent violated his constitutional rights when he sentenced plaintiff to a five year felony sentence for a class A misdemeanor statute. "[T]his manifest injustice is plain error and it denied me the right to due process of law and equal protection of the law depriving me of life, liberty, and property." Compl. at ¶ 8. Plaintiff also alleges Judge Vincent sentenced him twice for the same crime, which he states is another violation of due process and equal protection of the law. *Id.* at ¶ 11.

The doctrine of absolute judicial immunity bars plaintiff's claims against Judge Vincent. First, Judge Vincent's sentencing of plaintiff at his initial sentencing and again at his probation revocation hearing were judicial acts. These are functions performed by a judge and within the expectation of the parties. Whether Judge Vincent "was right or wrong in his ruling, he was acting within his judicial authority in making his decision." *Conrad v. Wangelin*, 441 F. Supp. 345 (E.D. Mo. 1977). Second, Judge Vincent did not act in the absence of jurisdiction. Judge

5

Vincent, acting as an Circuit Judge in the 21st Circuit Court in St. Louis County, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 17.

Because Judge Vincent acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him. As such, plaintiff's claims against Judge Vincent are frivolous, fail to state a claim upon which relief can be granted, and seek relief from a defendant who is immune.

Claims Against the Prosecuting Attorneys

Just as absolute immunity protects judicial officers, absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

Here, Prosecutors McSweeney and Harper's allegedly unconstitutional conduct falls within the scope of initiating and pursuing a criminal prosecution. They are therefore immune from suit.

Claims Against the Missouri State Public Defenders

A § 1983 claim must allege that a defendant, acting under color of state law, deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and the laws of the United States. 42 U.S.C. § 1983; *Neitzke*, 490 U.S. at 325. Generally, a public defender does not act under color of state law while representing a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") Plaintiff's allegations against public defenders Warren Popp and D. Mueller are based on their counsel to defendant in his criminal proceedings, and therefore the complaint against these defendants must be dismissed.

As an alternate basis for dismissal, the Court notes that plaintiff's civil rights action for money damages would call into question his criminal conviction, which subjects the case to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* provides that a prisoner cannot bring a civil rights action for money damages that would effectively "call into question the lawfulness of [his] conviction or confinement." A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Id.*; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Finally, because plaintiff is very clear about the claims he wishes to bring and the defendants he wishes to sue, allowing him leave to submit an amended complaint would be

futile. For the foregoing reasons, plaintiff's case will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall have thirty (30) days from the date of this Memorandum and Order in which to submit his initial partial filing fee of $9.07. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>12th</u> day of October, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE